Michael W. Thrall (031172)
Nathan A. Finch (031279)
**Catalyst Legal Group, PLLC**
1820 East Ray Rd.
Chandler, AZ 85225
Email: Michael@Catalyst.Lawyer
602.456.2233
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>    Traci A Sadler,<br><br>                  **Debtor.**<br><br>Traci A Sadler<br>    Plaintiff,<br>v.<br>Cash 1 LLC<br>    Defendant. | Case No.: 2:17-bk-06129-PS<br><br>AP No. _____<br><br>**CHAPTER 7**<br><br>**COMPLAINT TO HOLD CREDITOR CASH 1 LLC IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY AND FOR DAMAGES AND SANCTIONS** |

COMES NOW, Traci Sadler, the debtor in the above-captioned proceeding ("Debtor" or "Plaintiff"), by and through undersigned counsel, and files this complaint to request this Court enter an order finding Cash 1 LLC in violation of the protections of the automatic stay under 11 U.S.C. §362(a) and award actual and punitive damages against the Defendant. In support thereof, Plaintiff hereby states and alleges as follows:

//

//

## JURISDICTION

1. On May 31, 2017, Debtor filed for relief under Chapter 13 of Title 11 of the United States Code ("the Bankruptcy Code").

2. Cash 1 LLC ("Cash 1" or "Defendant") is a limited liability company incorporated in Nevada and doing business in Arizona.

3. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and Fed. R. Banker. P. 7001 and 7004.

4. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (O).

## FACTUAL BACKGROUND

5. The Debtor's petition for relief was filed on May 31, 2017.

6. Shortly thereafter, Defendant withdrew money from Debtor's bank account to satisfy a pre-petition debt.

7. Defendant's actions caused Debtor to incur overdraft fees and ultimately Wells Fargo closed her account, an account which she had for about 9 years.

8. On August 1, 2017, Debtor filed amended schedules, including an amended Schedule E/F. See Docket Entry ("DE") 39.

9. Debtor was listed on the amended Schedule E/F.

10. Prior to filing the amended E/F, undersigned counsel's office contacted Defendant and notified Defendant that Debtor had filed bankruptcy and requested that the withdrawn funds be returned.

11. Undersigned counsel's office provided a copy of the Notice of Bankruptcy Case Filing to Defendant on or about July 28, 2017.

12. Defendant has not returned the withdrawn funds after multiple requests that they do so.

13. Defendant has refused to return the funds which has led to Debtor struggling to pay her bills.

14. Debtor is now struggling to find another banking institution who will allow her to open a bank account.

15. This case caused the Debtor to suffer from significant anxiety and stress.

16. The first meeting of creditors took place as scheduled on July 18, 2017.

17. Defendant's abusive communications are intentional, unlawful, and malicious violations of the automatic stay.

## COUNT I – STAY VIOLATIONS

18. The foregoing paragraphs are incorporated herein by reference.

19. 11 U.S.C. §362 operates as a stay against "all entities" prohibiting "any act to collect… or recover" from the Debtor on claims that existed prior to the commencement of the case. 11 U.S.C. §362(a)(6).

20. The Ninth Circuit Court of Appeals has held that creditors have an "unambiguous" and "affirmative duty to comply with the stay." *Sternberg v. Johnston*, 595 F.3d 937, 940 (9th Cir. 2010).

21. Defendant's conduct was intentional, which doesn't require that Defendant had the intent to violate the automatic stay, but only the intent to commit the act which in fact violated the automatic stay. *Citizens Bank v. Strumpf*, 37 F.3d 155 (4th Cir.1994).

22. Defendant's conduct violated 11 U.S.C. § 362(a) after Defendant had actual knowledge of the Debtor's bankruptcy filing.

23. Actual and punitive damages should be awarded to Debtor pursuant to 11 U.S.C. § 362(k)(1), which provides, in pertinent part, that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

24. Under 11 U.S.C. § 362(k) courts should grant punitive damages "in appropriate circumstances," such as where a creditor shows reckless or callous disregard for the law or the rights of others. *In Re. Bloom*, 875 F.2d 224, 228 (9th Cir. 1989).

25. This court may also award damages as sanctions under its inherent civil contempt authority. *In re Dyer*, 322 F.3d 1178, 1189 (9th Cir. 2003).

WHEREFORE, Plaintiff requests a judgment finding the Defendant liable for violating the automatic stay and awarding Debtor compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362(k) or as sanctions for contempt of court.

## COUNT II – SANCTIONS FOR CONTINUED VIOLATIONS

26. The foregoing paragraphs are incorporated herein by reference.

27. Congress has empowered bankruptcy courts broadly to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

28. "Sanctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Green Point Credit, LLC v. McLean (In re Mclean)*, 794 F.3d 1313 (11th Cir., 2015) *citing F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013) (alteration and internal quotation marks omitted) (quoting *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986)), *cert. denied*, __ U.S. __, 134 S. Ct. 901 (2014) (Emphasis Added).

29. Defendant's actions to date indicate a disregard for the provisions of the federal bankruptcy laws and nothing in Defendant's communications with the Debtor or Debtor's counsel suggests an intent to refrain from future collection actions.

30. In light of the foregoing, punitive damages intended to deter future violations of the automatic stay are appropriate.

WHEREFORE, Plaintiff respectfully requests an order of sanctions on the Defendant in the event of future violations at no less than $1,000.00 per violation.

## COUNT III – ATTORNEY'S FEES

32. The foregoing paragraphs are incorporated herein by reference.

33. Plaintiff is entitled to attorney's fees under 11 U.S.C. § 362(k).

34. Pursuant to the recent *en banc* opinion of the Ninth Circuit Court of Appeals in *America's Servicing Company v. Schwartz-Tallard*, 11 U.S.C. § 362(k) allows an "award of all attorney's fees reasonably incurred to remedy a stay violation, including fees incurred in prosecuting the damages action." 803 F.3d 1095 (9th Cir. 2015). 35. This court may also award fees as sanctions under its inherent civil contempt authority. *In re Dyer, 322 F.3d 1178, 1189 (9th Cir. 2003)*.

WHEREFORE, Plaintiffs request an award of reasonable attorney's fees and costs pursuant to 11 U.S.C. § 362(k) or as sanctions for contempt of court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against the Defendant, as follows:

A.  A judgment in favor of Plaintiff and against Defendant in an amount to be proven at trial for compensatory damages;

B.  A judgment assessing punitive damages in an amount to be determined at trial;

C.  An order of punitive sanctions of no less than $1,000.00 per future violation against the Defendant.

D.  Sanctions against Defendant for contempt of court;

1  E. An award of reasonable attorney's fees and costs pursuant to 11 U.S.C. § 362(k); and

F. For such other relief and further relief as the Court deems just and proper, including but not limited to post-judgment interest as may be allowed by applicable law.

DATED this 24 day of August, 2017.

**CATALYST LEGAL GROUP PLLC**

By: /s/ Michael Thrall
Michael W. Thrall
1820 East Ray Rd.
Chandler, AZ 85225
*Attorneys for Plaintiff*